# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CR-172-KJD(RJJ) |
| Plaintiff, | |
| v. | **ORDER** |
| MARK CHRISTIAN | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion to Revoke Release Pending Sentencing (#87). On February 11, 2011, Defendant appeared before Magistrate Judge George Foley, Jr., who remanded the Defendant to custody pending hearing of the motion before this Court. On March 22, 2011, the Motion was heard with both parties present and represented by counsel.

## FACTUAL HISTORY

On January 28, 2009, Defendant appeared before the Court and entered pleas of guilty to ten counts of theft of government money and property, violations of 18 U.S.C. §641 and one count of false statement, 18 U.S.C. §1001. The maximum term on Counts 1-10 is 10 years per count and on Count 11, 5 years. Subsequent to Defendant pleading guilty, the United States Probation Office for the District of Nevada filed its Presentence Report dated July 13, 2009 recommending a non-guideline sentence of 36 months per count, concurrent. On August 17, 2009, the Government filed its Sentencing Memorandum, requesting a substantial upward departure, asserting that Defendant had caused the death of his father in connection with the underlying crimes of theft of government money and property (#60). The following day, August 18, 2009, the government filed its second

motion to reopen detention hearing (#61) which was subsequently denied (#68).  Defendant was subsequently acquitted of the murder of his father following a jury trial in San Bernardino, California.  Following his release, Defendant returned to Nevada where he resided until he was ordered detained on order of the Magistrate Judge.

The government's motion for detention arises from communications received from employees in the offices of Court Clerk and U.S. Marshal for the District of Nevada.  The allegations are that the Defendant was posing a threat to the prosecutor and others as his sentencing date of March 30, 2011 approached.  The government argues that Defendant poses a risk to others and a risk of flight and that he should be remanded to custody.

## **ANALYSIS**

The parties disagree as to which has the burden of proof in connection with revocation of a presentence release.  Defendant argues that the applicable statute is 18 U.S.C. §3148 and that the burden is on the government to show there is probable cause to believe that the defendant has committed a federal, state or local crime while on release, or by clear and convincing evidence that he has violated any other condition of release, and that there is no condition or combination of conditions of release that will assure that he will not flee or pose a danger to the safety of any other person or the community or that he is unlikely to abide by any condition or combination of conditions of release.

The Court finds that §3148 does not change the burden of proof from defendant to the government in the context of a presentence release.  First, §3148(a) references the provisions of pretrial release as set out in §3142, which deals with pretrial release.  Second, even if the provisions of §3148 were considered to apply to presentence release, there is no indication that the burden of proof is now shifted to the government to show that the Defendant is a danger to others or poses a risk of flight.  Section 3143 makes it clear that the burden is always on a Defendant who is awaiting imposition of sentence.  Finally, the provisions of §3148(b) refer back to §3142, the pretrial release

provision. It is true that Section 3143(a) also refers the court back to §3142(b) or (c), but it does not change the burden of proof from the defendant to the government where defendant has pled guilty. Section 3142(f) provides that a detention hearing may be reopened before or after a determination by the judicial officer, at any time [before trial] if the judicial officer finds that information exists that was not known at the time of the hearing and has a material bearing on the issues of appearance, or public safety. The Court finds such information exists and that it has authority to reconsider Defendant's custodial status at any time.

From the evidence adduced, the Court finds that a change of circumstances has occurred. Defendant has, at a minimum, expressed forceful concerns that he is facing a sentence longer than anticipated and that the prosecution is responsible. At a minimum, it is undisputed that two of Defendant's friends or associates telephoned the Office of the Clerk and conveyed concerns for the safety of the prosecutor based upon their own experiences with Defendant or statements he had made to them concerning the prosecutor. It would not be unexpected for a defendant facing a longer sentence than anticipated to be upset with individuals who are urging that result. The evidence further supports a finding that Defendant is an abuser of alcohol and that his living conditions are unstable. The prosecution also adduced evidence of acts of violence on Defendant's part toward his spouse. The presentence report indicates Defendant lived for a time in New Zealand, where his spouse continues to reside. The government adduced evidence that Defendant did not take his father for medical attention when needed, consistent with the allegations of Defendant's spouse that he failed to provide her with needed medical assistance at a time when she was unconscious and unable to help herself.

## CONCLUSION

Defendant is facing the government's request for a much longer sentence than anticipated. When he was facing murder charges, this request would not have mattered. Now that he has been

1  acquitted, the government's request for a much longer sentence is vastly more important. His
2  commentary to friends and others demonstrates he is extremely upset with the prosecution to the
3  point they were concerned enough to telephone authorities and report what they considered to be
4  threatening comments on his part. The Defendant has, in the past, demonstrated propensity for
5  violence and inhumane treatment of others.
6      Based upon the foregoing, the Court finds that Defendant has not met his burden of
7  showing that he is not a danger to the community or that he is not a risk of flight and thereupon
8  orders his continued detention pending sentencing.
9      DATED: March 22, 2011

_____
UNITED STATES DISTRICT JUDGE